UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID GREGORY SINGLETON and
LINDA JOY SINGLETON,

          Plaintiffs,

    v.

UNITED STATES OF AMERICA, FAF,
INCORPORATED, RUTH ANN HAYDEN,
and DOES I through X,
inclusive,

          Defendants.
_____

NO. CIV S-04-1486 FCD DAD

MEMORANDUM AND ORDER

FAF INCORPORATED,

          Cross-claimant,

    v.

UNITED STATES OF AMERICA,

          Cross-defendant.
_____

UNITED STATES OF AMERICA,

          Cross-claimant,

    v.

FAF INCORPORATED AND RUTH
ANN HAYDEN,

          Cross-defendants,
_____

1       ----oo0oo----

2       This matter is before the court on defendant United States'

3  motion to strike co-defendant FAF Incorporated's ("FAF") late

4  designation of expert liability witness, pursuant to Federal Rule

5  of Civil Procedure[1] 37.[2]  Co-defendant FAF opposes the motion and

6  implicitly seeks to modify the pretrial scheduling order,

7  pursuant to Rule 16.[3]  For the reasons set forth below, defendant

8  United States' motion is DENIED, and co-defendant FAF's motion is

9  GRANTED.[4]

10                      **BACKGROUND**

11      This case is a personal injury action based upon two

12 truck/vehicle accidents that occurred on Interstate 80 in

13 Sacramento County on July 30, 2002.  The accident involved a

14 _____

15      [1]    All further references to a "Rule" are to the Federal
   Rules of Civil Procedure, unless otherwise noted.
16

17      [2]    Defendant United States noticed this as a motion to
   strike pursuant to Rule 12(f) and Rule 16.  However, Rule 12(f)
18 provides that, upon motion made by a party before responding to a
   pleading, the court may strike "from any pleading any
19 insufficient defense or any redundant, immaterial, impertinent,
   or scandalous matter."  Defendant United States does not
20 challenge co-defendant FAF's pleadings in this motion, and as
   such, this rule is inapplicable.  Rather, a party's failure to
21 comply with Rule 16 gives rise to sanctions under Rule 37.  See
   Fed. Rule Civ. Proc. 16(f).

22      [3]    Co-defendant FAF does not notice the motion as a Rule
   16 motion, nor do they argue the merits of the Rule 16 motion in
23 their briefs.  However, defendants seek leave to designate an
   accident reconstruction expert after the deadline set forth by
24 this court's Order, filed Feb. 7, 2006.  In order for the court
   to grant the request sought by FAF, good cause must be
25 demonstrated pursuant to Rule 16.  As such, the court construes
   FAF's opposition as a request to modify the court's prior
26 scheduling order under Rule 16.

27      [4]    Because oral argument will not be of material
   assistance, the court orders the matter submitted on the briefs.
28 E.D. Cal. L.R. 78-230(h).

                        2

United Sates Postal Service semi-truck, plaintiff David
Singleton's pick-up truck, and defendant FAF's semi-truck driven
by defendant Ruth Ann Hayden.  Photographer Gary Harsh, now
deceased, appeared at the accident scene and took over one
hundred photographs of the area, the accident scene, and the
damaged vehicles.

On February 7, 2006, the parties stipulated and the court
ordered that discovery be bifurcated into liability and damages
phases.  Pursuant to this order, the expert witness disclosure
deadline was set for April 3, 2006.  Supplemental expert witness
disclosures were due by April 24, 2006.  The close of discovery
for liability issues was set for July 30, 2006.

Defendant FAF noticed plaintiff David Singleton's deposition
in January 2006.  However, due to scheduling conflicts, plaintiff
was not deposed until April 27, 2006.  During the time leading up
plaintiff's deposition, counsel for defendant FAF communicated to
counsel for the other parties that defendant's liability expert
should have the benefit of plaintiff's deposition testimony when
doing his analysis.

In early April 2006, FAF sought to obtain the photographs
taken by Gary Harsh at the accident scene.  However, counsel for
FAF had numerous problems contacting Mr. Harsh's office, and was
eventually informed that the file on the case could not be
located.  Ultimately, counsel for FAF obtained a copyright
release, executed on or about June 12, 2006, to duplicate the
photos purchased by the United States.  On June 22, 2006 the
United States produced approximately 100 photos for duplication.
That same day, the photos were sent to defendant FAF's liability

3

1  expert, Matthew Schwall, Ph.D..  The expert report was

2  transmitted to defendant FAF's counsel on July 14, 2006.

3      On July 20, 2006, defendant FAF made its disclosure of

4  expert witness Dr. Schwall.  Plaintiff initially objected to the

5  delayed disclosure of FAF's expert witness, but subsequently

6  withdrew the objection and agreed to permit Dr. Schwall's

7  opinions and testimony.  On August 25, 2006, defendant United

8  States filed the current motion to strike.

9                          **ANALYSIS**

10 **A.   Preclusion of Plaintiff's Economic Expert**

11     Rule 37(c) provides that a party that fails to disclose

12 information relating to expert designation and opinions pursuant

13 to Rule 26 is not "permitted to use as evidence at a trial, at a

14 hearing, or on a motion any witness or information not so

15 disclosed.  Fed. R. Civ. P. 37(c).  However, Rule 37 also

16 provides that this sanction is not appropriate where such a

17 failure to disclose is harmless.  <u>Id.</u>  As such, the party seeking

18 exclusion of testimony under Rule 37 must demonstrate prejudice

19 by opposing party's failure to disclose.  <u>See</u> <u>Paulissen v. United</u>

20 <u>State Life Ins. Co.</u>, 205 F. Supp. 2d 1120, 1126 (C.D. Cal. 2002).

21     Defendant United States contends that it is prejudiced by

22 defendant FAF's belated disclosure of its liability expert

23 because (1) it is precluded from any discovery of FAF's late-

24 designated expert; and (2) it has already deposed plaintiff's

25 accident reconstruction expert and is now precluded, by the close

26 of discovery, from re-deposing plaintiff's expert about FAF's

27 expert's opinions.  However, FAF has agreed to make their expert

28 available for disclosure.  Further, plaintiff has agreed to

                                4

present his expert for further deposition if the United States so
desires, and agreed that defendant FAF would pay any witness fees
related to such further deposition.[5]   As such, defendant United
States will not be prejudiced by FAF's untimely disclosure of the
economic expert.   Therefore, defendants' motion to preclude the
testimony of plaintiff's belatedly designated economic expert is
DENIED.

**B.    Modification of the Pretrial Scheduling Order**

A pretrial order "shall not be modified except upon a
showing of good cause."  Fed. R. Civ. P. 16(b).  The district
court may modify the pretrial schedule "if it cannot reasonably
be met despite the diligence of the party seeking the extension."
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes
(1983 amendment)).  The "good cause" standard set forth in Rule
16 primarily focuses upon the diligence of the party requesting
the amendment.  "Although the existence or degree of prejudice to
the party opposing the modification might supply additional
reasons to deny a motion, the focus of the inquiry is upon the
moving party's reasons for seeking modification."  Id.

The moving party may establish good cause by showing "(1)
that [he or she] was diligent in assisting the court in creating
a workable Rule 16 order; (2) that [his or her] noncompliance
with a Rule 16 deadline occurred or will occur, notwithstanding

---

[5]    To the extent that defendant United States asserts that
plaintiff's counsel is not bound by this agreement, it is
correct.  However, if plaintiff subsequently decides not to make
his expert available for further deposition, defendant United
States could bring its own Rule 16 motion in light of the court's
findings *infra*.

[his or her] diligent efforts to comply, because of the
development of matters which could not have been reasonably
foreseen or anticipated at the time of the Rule 16 scheduling
conference; and (3) that [he or she] was diligent in seeking
amendment of the Rule 16 order, once it became apparent that [he
or she] could not comply with the order." Jackson v. Laureate,
Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

     Defendant FAF has demonstrated good cause to modify the
court's scheduling Order to extend the liability phase discovery
deadlines solely as they apply to disclosing FAF's liability
expert.  First, FAF was diligent in assisting the court in
creating a workable scheduling order.  Second, the delay in
disclosing FAF's liability expert arose due to the delay in
taking plaintiff's deposition as well as the unforeseeable
obstacles to obtaining the photographs of the accident scene.
Defendant FAF should have filed a motion in this court to modify
the scheduling order when it realized that it would not be able
to disclose its expert before the deadline set forth in the
court's Order.  At the very least, FAF should have filed a Rule
16 motion prior to filing its designation and disclosure of the
expert witness.  However, because defendant FAF has detailed the
process through which it sought to obtain the photo, and because
it was unclear to defendant FAF when the requisite materials
would be available to the expert such that an expert report could
be disclosed, the court finds that defendant FAF has demonstrated
good cause to modify the scheduling order to extend the deadline
to disclose its liability expert.
/////

1    Therefore, defendant FAF's motion to modify the scheduling

2 order is GRANTED.  Defendant FAF is ordered to make its expert

3 available for deposition by the other parties to this action.

4    IT IS SO ORDERED.

5 DATED: September 27, 2006

6

7                              /s/ Frank C. Damrell Jr.
                               FRANK C. DAMRELL, Jr.
8                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7